# CASE NO. 22-30038

---

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

---

### ESTHER WATSON,

**Plaintiff-Appellant**

### VERSUS

### SCHOOL BOARD OF FRANKLIN PARISH; EDDIE RAY BRYAN; RONNIE HATTON; DANNY DAVIS; RICHARD KELLY; LOUISE JOHNSON; TIM EUBANKS; DOROTHY BROWN; LANNY JOHNSON

**Defendants-Appellees**

---

Appeal from the United States District Court
Western District of Louisiana, Monroe Division

## REPLY ON BEHALF OF PLAINTIFF-APPELLANT

---

MALCOLM X. LARVADAIN
626 Eighth Street
Alexandria, Louisiana 71301
(318) 445-3533
ATTORNEY FOR PLAINTIFF-APPELLANT

# **<u>TABLE OF CONTENTS</u>**

Table of Contents                                                        2

Table of Authorities                                                     3

Statement of Issue Presented for Review                                  4

Summary of Argument                                                      5

Argument

    Retiree returned to work not legitimate Nondiscriminatory reason    6

    Non-resident as legitimate nondiscriminatory reason                7

    Appellant more qualified than the selectee                         8

Conclusion                                                               9

Certificate of Service                                                   10

Certificate of Compliance with Rule 32(a)                                10

# **TABLE OF AUTHORITIES**

(No Additional authorities cited.)

## **<u>STATEMENT OF ISSUE PRESENTED FOR REVIEW</u>**

1) Whether appellee had legitimate, nondiscriminatory reasons for not

   selecting appellant.

# SUMMARY OF ARGUMENT

Appellee acknowledges that appellant has established a prima facie case and even scored higher than the selectee in the interview process. (ROA.173, 177) The analysis turns to whether appellee has legitimate, nondiscriminatory reasons for not selecting appellant.  According to appellee, appellant was not selected because she was a retiree-returned-to-work and did not live in Franklin Parish.  (ROA.311-312) Those arguments are illogical and unsupported by the evidence.  Appellant, on the other hand, contends using her retiree-returned-to-work status is age discrimination and age discrimination can never be a legitimate, nondiscriminatory reason. Additionally, appellant had the position of assistant principal for eight (8) years prior to applying for the principal position and living outside of Franklin Parish was never an issue.  Accordingly, that reason is not a legitimate, nondiscriminatory reason.

## ARGUMENT

**Retiree-Returned-To-Work as Legitimate Nondiscriminatory Reason**

The two (2) legitimate nondiscriminatory reasons for not selecting appellant are: (1) appellee suspected appellant would not stay in the position long since she was a retiree-returned-to-work and (2) appellant did not live in Franklin Parish. The first reason is extremely troubling.  Years of service and age are inextricably linked. There is no way to disjoin the two concepts; you simply cannot talk about one without, directly or indirectly, mentioning the other.  It is impossible for a person to have 30 plus years of work experience without getting 30 plus years older.  So when appellee contends it feared appellant would not stay in the position for an extended period of time, it is really saying she is too old.  That argument could possibly make sense if there was a real factual basis supporting it.

If appellant had some mental deficiency or physical limitation that comes with age that reflected in the interviewing process and/or work history, appellee may have a legitimate, nondiscriminatory reason not to select her, but that is not the case.  Appellant had the highest interview score and physical limitation was never a concern.  Appellee unilaterally injected years of service, or age, in the equation.  With that being done, age was used as a deselecting factor.  Therefore, age discrimination was used to not hire appellant.

**Not Living in Franklin Parish as Legitimate Nondiscriminatory Reason**

Appellant not living in the parish as a reason to not select her for the role is not a legitimate reason.  For eight (8) years, appellant served as the assistant principal, while living in Catahoula Parish without any problems.  Secondly, there was no residency requirement for the principal position.  Thirdly, the justifications-(1) ties to the community, (2) appellant's work history primarily being in Catahoula Parish, and (3) appellant would eventually return to the Catahoula Parish school system-are extremely suspicious.

As for "community ties", how was that element to be determined or scaled?  It was not a measuring tool in the scoring criteria so it was a subjective factor left solely to the discretion of Dr. Neal Lane Johnson.  Moreover, how was Dr. Neal Lane Johnson qualified to make that type of determination?  His background is in education not community activism.  It also presupposes that a person living in a neighboring parish is not connected to the Franklin Parish community, which is flatly wrong.  As for appellant's work history being primarily in Catahoula Parish, that fact is of no moment, unless you assume appellant was so loyal to the Catahoula Parish School system that she would intentionally sabotage Winnsboro Elementary School-the same school she worked eight (8) years elevating it from a "F" school to a "B" school.  Lastly, fearing appellant would eventually return to the Catahoula Parish school system is extremely confusing and illogical.  On the

one hand, appellee contends appellant will not stay at the principal position long since she was a retiree-returned-to-work while also believing appellant will leave the Franklin Parish School system and return to the Catahoula Parish school system because that is where she has primarily worked. The logic is flawed, the positions cannot coexist and appellee cannot take advantage of the contradictory arguments. Moreover, appellant sought employment with the Catahoula Parish school system after she was overlooked for the principal position. Those three (3) residency considerations had no place in the hiring process and undercut not living in Franklin Parish as a legitimate nondiscriminatory reason.

Appellee is also attempting to make a big deal about some testing irregularities. The focus should be on the ultimate reason(s), not considerations.

**Pretext for discrimination**

In evaluating the evidence tendered by the parties, i.e. the testimony of Leodis Norman, the court must accept the evidence as credible and draw all justifiable inferences in its favor. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 255.

## <u>CONCLUSION</u>

In this situation, appellant has shown that the two (2) alleged legitimate nondiscriminatory reasons are, in the light most favorable to appellee, illogical and in the light least favorable to appellee, false.  Regardless of the positions, those reasons can never be a legitimate, nondiscriminatory reason.  Appellant has established that there is a genuine issue of material fact that warrants the reversal of the granting of summary judgment.

Respectfully submitted,

**LAW OFFICES OF MALCOLM X. LARVADAIN**

By:    <u>s/Malcolm X. Larvadain</u>
        Malcolm X. Larvadain, La. Bar #26,066
        **ATTORNEY FOR APPELLANT**
        626 Eighth Street
        Alexandria, Louisiana 71301
        TEL. (318) 445-3533
        FAX. (318) 445-403

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2022, I electronically filed Appellant's Reply

Brief with the Clerk of Court for the U.S. Court of Appeals for the Fifth Circuit by

using the appellate CM/ECF system.  All counsels of record are registered

CM/ECF users, and will be served by the appellate CM/ECF system.

s/Malcolm X. Larvadain

## **CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**

1. The brief complies with the type-volume limitation of Fed. R. App.
   32(a)(7)(B) because:

   a.  This brief contains 1,189 words.

2. The brief complies with the typeface requirements of Fed.  R. App. P.
   32(a)(5) and the type style requirements of Fed. R. App. 32(a)(6) because:

   a.  The brief has been prepared in a proportionally spaced typeface using
       WordPerfect in 14 point font of Times w Roman.

**LAW OFFICES OF MALCOLM X. LARVADAIN, INC.**

By:   s/Malcolm X. Larvadain
      Malcolm X. Larvadain, La. Bar #26,066
      **ATTORNEY FOR APPELLANT**
      626 Eighth Street
      Alexandria, Louisiana 71301
      TEL. (318) 445-3533
      FAX. (318) 445-4030